996 F.2d 311
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James Butler SCALES, Petitioner-Appellant,
v.
Bobby BOONE, Attorney General of the State of Oklahoma,
Respondents-appellees.
 No. 92-7145.
 United States Court of Appeals, Tenth Circuit.
 June 14, 1993.
 
 Before McKAY, and SETH, Circuit Judges, and BARRETT, Senior Circuit Judge.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 BARRETT, Senior District Judge.
 
 
 3
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 4
 James Butler Scales, appearing pro se, appeals from an order of the district court, affirming and adopting the Findings and Recommendations of the Magistrate Judge dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. §§ 2241, et. seq.
 
 
 5
 Scales was convicted in the District Court of Choctaw County, Oklahoma, of robbery with firearms after former conviction of a felony and sentenced to forty years imprisonment. On appeal, Scales' conviction was affirmed by the Oklahoma Court of Criminal Appeals. Scales' subsequent state court post-conviction applications and habeas corpus petitions were also denied.
 
 
 6
 Thereafter, Scales filed his first federal habeas corpus petition challenging his conviction and raising five allegations of error. On January 5, 1989, the district court entered an order denying relief. On November 7, 1989, we affirmed the district court's denial of relief. On July 31, 1990, Scales filed his second federal habeas corpus petition attacking the awarding of earned credits and the court's failure to give a limiting instruction on prior convictions. On January 14, 1991, the district court entered an order denying relief. On November 14, 1991, we affirmed the district court's denial of relief.
 
 
 7
 On February 5, 1992, Scales filed his third federal habeas corpus petition in which he alleged that: he was "subjected to malicious prosecution without substantive evidence to establish a probable cause to obtain a conviction for robbery with firearm," (R., Vol. I, Tab 2 at 6.); he was "prejudiced by not being adequately advised in the information of the precise charge levied against him," id. at 8; and that the state district court had "abused its discretion in denying petitioner's petition for writ of habeas corpus without allowing the petitioner the opportunity to respond as required by procedure." Id. at 10.
 
 
 8
 Within his Findings and Recommendation, the Magistrate Judge found that: presentation of Scales' malicious prosecution claim for the first time in his third federal habeas corpus petition constituted an abuse of the writ of habeas corpus; Scales' claim that he was not adequately apprised of the charges against him was fully considered in a prior habeas proceeding and Scales' actions in raising this same issue in the instant proceeding constituted an abuse of the writ of habeas corpus; and, Scales' claim of state procedural or trial errors did not rise to a constitutional deprivation.
 
 
 9
 The district court, after finding that Scales' exceptions and objections to the Magistrate Judge's Findings and Recommendation were without merit, entered an order affirming and adopting the Magistrate Judge's Findings and Recommendation of dismissal.
 
 
 10
 On appeal, Scales contends that his present habeas corpus petition should not be considered successive and an abuse of the writ because he has never been afforded a full and fair hearing to determine whether his conviction is in violation of the due process clause of the Eleventh and Fourteenth Amendments of the Constitution. Appellees respond that the district court acted properly in dismissing Scales' third petition as a successive and abusive petition. We agree.
 
 
 11
 We affirm the district court's dismissal of Scales' habeas corpus petition for substantially the reasons set forth in the Findings and Recommendation of the Magistrate Judge, a copy of which is attached hereto.
 
 
 12
 AFFIRMED.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT FOR THE
 EASTERN DISTRICT OF OKLAHOMA
 
 13
 James Butler Scales, Petitioner,
 
 
 14
 vs.
 
 
 15
 Bobby Boone, et al., Respondents.
 
 No. CIV 92-052-S
 FINDINGS AND RECOMMENDATION
 
 16
 This matter is before the court on Respondents' Motion to Dismiss. The Magistrate Judge has considered Respondents' motion, as well as Petitioner's Response thereto and finds that this court, by Order dated June 19, 1989, in Case No. 89-024-C, did in fact rule on Petitioner's second allegation of error. The Tenth Circuit Court of Appeals affirmed the June 19, 1989 order on November 7, 1989 in Case No. 89-7073. In his second contention, Petitioner asserts that the trial judge erred by not adequately informing him of the act he was accused of committing (Petition at 8). In the prior Application for Habeas Corpus Review, Petitioner asserted that the court was without subject matter jurisdiction because the information failed to state facts sufficient to constitute a crime. Therefore, the Magistrate Judge finds Petitioner had a full determination of this issue on the merits in a prior habeas proceeding, and raising this issue in the instant petition constitutes an abuse of the writ. See Rule 9 of the Rules Governing § 2254 Proceedings. See also Andrews v. Deland, No. 89-4104, 1991 U.S.App.Lexis 19472 (10th Cir. August 23, 1991); McCleskey v. Zant, 111 S.Ct. 1454, 1471 (1991); Kuhlmann v. Wilson, 477 U.S. 436 (1986); Sanders v. United States, 373 U.S. (1963).
 
 
 17
 [S]econd or successive petition ... [that] ... fails to allege new or different grounds for relief and the prior determination was on the merits, or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ. § 2244(b) contains a similar prohibition. [A] subsequent application for a writ of habeas corpus ... need not be entertained ... unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ, and unless the court, justice, or judge is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ.
 
 
 18
 As these provisions indicate, there is a difference between "claims raised and reached on the merits in an earlier habeas petition, referred to as 'successive petitions,' and claims raised for the first time in a subsequent petition," commonly referred to as abusive petitions. Coleman v. Saffle, 869 F.2d 1377, 1380 (10th Cir.1989).
 
 
 19
 As to the allegations of error set forth in Proposition I, this issue has not been addressed by the court. Rule 9 of the Rules Governing 28 U.S.C. § 2254 Proceedings does not permit the court to avoid full consideration of the merits of an application for habeas corpus unless there has been an abuse of the writ. The Magistrate Judge, in this instance, finds that Petitioner has abused the writ in filing this third application for habeas corpus relief.
 
 
 20
 In McCleskey v. Zant, supra, the Court held that the cause--and--prejudice test enunciated in Wainwright v. Sykes, 433 U.S. 72 (1977) which was applicable to causes of procedural default, also applies "to determine if there has been an abuse of the writ through inexcusable neglect." McCleskey at 1470.
 
 
 21
 [T]he doctrines of procedural default and abuse of the writ are both designed to lessen the injury to a State that results through reexamination of a state conviction on a ground that the State did not have the opportunity to address at a prior, appropriate time; and both doctrines seek to vindicate the State's interest in the finality of its criminal judgments.
 
 
 22
 Therefore, claims raised for the first time in a second or subsequent habeas petition will be dismissed as abusive unless the petitioner can show cause for the failure to raise the claim in an earlier habeas petition, and prejudice therefrom. Additionally, as in cases of procedural default, even a petitioner who fails to establish cause and prejudice may nonetheless have his " 'default'--i.e. his failure to raise a claim in a previous habeas petition--excused if he can show that the failure to hear his claim will result in a fundamental miscarriage of justice." Id.
 
 
 23
 The Magistrate Judge finds that Plaintiff has failed to establish "cause" for not having raised this issue in his earlier federal habeas petition.
 
 
 24
 Abuse of the writ doctrine examines petitioner's conduct: the question is whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process, see 28 U.S.C. § 2254 Rule 6 (Discovery); Rule 7 (Expansion of Record); Rule 8 (Evidentiary Hearing). The requirement of cause in the abuse of the writ context is based on the principle that petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition.
 
 
 25
 McCleskey at 1472 (emphasis in original).
 
 
 26
 The existence of the evidence to prove the allegation Petitioner asserts was a matter of trial record since 1983. There is no argument that these records were not available and accessible to Petitioner during the last 9 years. In Petitioner's 1989 application for writ of habeas corpus, filed before this court in Case No. 89-024-C, Petitioner attacked his conviction in CRF-82-046. However, at the time of that attack, Petitioner was incarcerated for the same judgment and sentence he is now serving. Petitioner has shown no reason why the claims in the instant petition could not have been asserted in his petition filed in 1989.
 
 
 27
 Therefore, the Magistrate Judge finds the presentation of Proposition I for the first time in this, his third federal habeas petition, constitutes an abuse of the writ. Accordingly, Petitioner's writ of habeas corpus should be dismissed.
 
 
 28
 Finally, it is Petitioner's contention in his third allegation of error that the District Court of Atoka County abused its discretion in denying his petition for state habeas corpus relief without allowing him the opportunity to respond. The Court of Criminal Appeals found that the trial court did not abuse its discretion.
 
 
 29
 The federal courts have consistently held that an alleged violation of state procedural or trial errors do not rise to a constitutional deprivation. Bond v. Oklahoma, 546 F.2d 1369, 1377 (10th Cir.1976). Federal courts must accept a state court's interpretation and application of its constitution and laws unless they are inconsistent with fundamental principles of liberty and justice. Ewing v. Winans, 749 F.2d 607, 609 (10th Cir.1984).
 
 
 30
 Petitioner has not alleged a constitutional violation in the procedure followed by the district court. Since Petitioner has not demonstrated a constitutional violation, this claim is without merit.
 
 
 31
 Parties are given ten (10) days from the date of service on Petitioner and on Respondents' counsel to file with the Clerk of the Court any objections, with supporting brief. Failure to object to the Findings and Recommendation within ten (10) days will preclude appellate review of the judgment of the district court based on such findings. 28 U.S.C. § 636(b)(1), Federal Rules of Civil Procedure 72, 6(a) and 6(e), and Local Rule 32(d).
 
 
 32
 DATED this 29th day of September, 1992.
 
 James H. Payne
 JAMES H. PAYNE
 UNITED STATES MAGISTRATE JUDGE
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3